**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-3 ABIODUNE FABODE, R.Ph.

    Defendant.

_____/

CRIMINAL NO. 18-CR-20351

HON. NANCY G. EDMUNDS



## FIRST SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

1. Beginning in or about January 2015 and continuing up to and including March 2018, a scheme and pattern of illegal conduct involving the unlawful distribution of Schedule II prescription drug controlled substances was formed and active within the Eastern District of Michigan and elsewhere. The Defendant ABIODUN FABODE, R.Ph. and co-conspirators Enitan Sodiya-Ogundipe, R.Ph., Amir Rafi, R.Ph., Dr. Vasan Deshikachar, Niesheia Tibu, Andrei Tibu, and others, both known and unknown to the grand jury, joined at different times, played different roles and engaged in different aspects of the overall scheme. The purpose of the scheme was for Defendant, pharmacists Enitan Sodiya-Ogundipe, and Amir

Rafi to dispense, in exchange for cash payments, prescriptions for controlled substances written by Dr. Vasan Deshikachar, and others, to "patients" recruited by Niesheia Tibu and Andrei Tibu. Once filled, the controlled substances were sold at a substantial profit on the illegal street market in the metropolitan Detroit area.

At all times relevant to this First Superseding Indictment:

2. Defendant ABIODUN FABODE was a licensed pharmacist in the State of Michigan (Pharmacy License #5302032314). He was co-owner and pharmacist of Friendz Pharmacy, located at 13848 W McNichols Rd, Detroit, MI 48235.

3. Enitan Sodiya-Ogundipe was a licensed pharmacist in the State of Michigan (Pharmacy License #5302032673). She was the owner and pharmacist of Global Health Pharmacy, located at 135 S. Telegraph Road, Pontiac, MI 48341. She also owned Precare Pharmacy, located at 25045 Grand River Avenue, Redford Township, MI 48240.

4. Amir Rafi was a licensed pharmacist in the State of Michigan (Pharmacy License #5302040108). He was the pharmacist at Precare Pharmacy, located at 25045 Grand River Avenue, Redford Township, MI 48240.

5. Dr. Vasan Deshikachar was a licensed medical doctor in the State of Michigan (Medical License # 4301062217), and during the time frame of the conspiracy was authorized by the Drug Enforcement Administration (DEA) to

prescribe controlled substances in Schedules II – V (DEA # BD5448851). His DEA license was registered at his medical practice, Grand River Medical Center, located 11803 Grand River Avenue, Detroit, MI 48204. His medical practice was authorized as an Office-Based Opioid Treatment (OBOT) program to dispense certain narcotics for the maintenance and detoxification of opiate addicts. He also had an office location, "DR. VASAN H. DESHIKACHAR, M.D.", located at 8340 Vernor Highway, Detroit, MI 48209. As of June 2017, both of Dr. Vasan Deshikachar's medical offices were closed and abandoned, and he had relocated to Florida.

6. As part of the conspiracy, patient "recruiters," including Niesheia Tibu, Andrei Tibu, and others who are both known and unknown to members of the grand jury, recruited "patients" to have controlled substance prescriptions issued in their names by Dr. Vasan Deshikachar. Niesheia Tibu would provide the recruited patient's names and dates of birth to Dr. Vasan Deshikachar, who would write controlled substance and non-controlled substance prescriptions without seeing the patients. These prescriptions were knowingly issued without medical necessity and outside the scope of professional medical practice.

7. Niesheia Tibu and Andrei Tibu would transport the recruited "patients" and the unlawfully issued prescriptions to various pharmacies, both known and

unknown to members of the grand jury, including but not limited to Friendz Pharmacy, Global Health Pharmacy, and Precare Pharmacy. At Friendz Pharmacy, defendant ADIODUN FABODE would dispense the medically unnecessary prescriptions.

8. Before dispensing the medically unnecessary prescriptions, defendant ABIODUN FABODE failed to exercise his corresponding professional responsibility to determine that the prescriptions were issued for a legitimate medical purpose by an individual practitioner acting in the usual course of professional practice.

9. In furtherance of the conspiracy, defendant and others would take actions to make it appear that issuance of the prescriptions was legitimate. Things were done for the mere appearance of legitimacy and were not done to actually confirm the prescriptions were issued for a legitimate medical purpose in the usual course of professional medical practice.

10. The primary controlled substances illegally written by Dr. Vasan Deshikachar and illegally dispensed by Defendant ABIODUN FABODE, in addition to pharmacists Enitan Sodiya-Ogundipe and Amir Rafi, were Oxycodone HCL 30mg and Oxymorphone HCL ER 40mg (brand named Opana ER 40 mg).

11. As of June 2017, Dr. Vasan Deshikachar no longer resided in Michigan and moved to Florida. Despite his location in Florida, Dr. Vasan Deshikachar continued to write prescriptions for controlled substances to patients in Michigan, in exchange for cash payments.

12. In January 2018, Dr. Vasan Deshikachar stopped writing prescriptions for the patients recruited by Niesheia Tibu and Andrei Tibu. As a result, Niesheia Tibu consulted with Enitan Sodiya-Ogundipe to determine other doctors that would unlawfully issue medically unnecessary prescriptions. Niesheia Tibu and Andrei Tibu utilized the other doctors to continue the scheme.

13. The fundamental purpose of both writing and filling the controlled substance prescriptions was not for the legitimate treatment of patients, but, rather, to obtain controlled substances that could be sold at a substantial profit on the illegal street market in the metropolitan Detroit area.

14. During the course of the conspiracy, Defendant ABIODUN FABODE dispensed more than 245,080 unit dosages of controlled substances. More specifically, Friendz dispensed more than 209,310 unit dosages of Oxycodone, a Schedule II controlled substance, and more than 35,350 unit dosages of Oxymorphone, a Schedule II controlled substance, carrying a conservative estimated wholesale street value of $7 million.

These general allegations are adopted and incorporated in each count of this First Superseding Indictment.

## COUNT ONE
*(21 U.S.C. §§ 841(a)(1), 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)*

**D-3 ABIODUN FABODE**

15. Beginning in or about January 2015, and continuing until on or about March 2018, in the Eastern District of Michigan, Southern Division, defendant ABIODUN FBODE, together with Enitan Sodiya-Ogundipe, Amir Rafi, Dr. Vasan Deshikachar, Niesheia Tibu, Andrei Tibu, and others, both known and unknown to members of the grand jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and other persons not named in this First Superseding Indictment, to commit offenses against the United States, that is, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute controlled substances, including but not limited to the Schedule II drug Oxycodone and the Schedule II drug Oxymorphone.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## COUNTS TWO - SEVEN

*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances  
18 U.S.C. § 2 Aiding and Abetting)*

**D-3 ABIODUN FABODE**

16. On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, defendant ABIODUN FABODE, together with Niesheia Tibu and Andrei Tibu, did knowingly, intentionally, and unlawfully distribute and aid and abet each other in distributing the identified prescription drug controlled substances by writing and dispensing prescriptions outside the scope of usual professional practice for no legitimate medical purpose, in the names of individuals as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 2 | 5/19/15 | 6/16/15 | L.J. | Oxycodone HCl 30 MG | 90 |
| 3 | 6/20/15 | 7/13/15 | K.J. | Oxycodone HCl 30 MG | 90 |
| 4 | 5/20/15 | 6/16/15 | L.R. | Oxycodone HCl 30 MG | 90 |
| 5 | 5/20/15 | 6/15/15 | L.D. | Oxycodone HCl 30 MG | 90 |
| 6 | 6/15/15 | 6/15/15 | D.J. | Oxycodone HCl 30 MG | 90 |
| 7 | 3/6/18 | 3/8/18 | R.B. | Oxycodone HCl 30 MG | 90 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION
*(21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c) – Criminal Forfeiture)*

17. The allegations contained in Counts 1 through 7 of this First Superseding Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

18. Pursuant to 21 U.S.C. § 853, upon conviction of violations of 21 U.S.C. §§ 841 and 846 as alleged above, Defendant shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

19. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of violations of 18 U.S.C. § 1957 as alleged above, Defendant shall forfeit to the United States: (a) any property, real or personal, involved in such violations; and (b) any property traceable to such property.

20. Pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c), upon conviction of 18 U.S.C. § 922(g)(1) as alleged above, Defendant shall forfeit to the United States any firearm and ammunition involved in or used in the knowing commission of the offense.

21.  Such property includes, but is not limited to, a money judgment in an amount to be determined of proceeds derived from the conduct, and all traceable interest and proceeds, for which Defendant is liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or money that was involved in the aforementioned violations, or is traceable to such property.

22.  Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), Defendant shall forfeit substitute property, up to the value of the properties described above, if, by any act or omission of Defendant, the property described above cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

## THIS IS A TRUE BILL

                                                <u>s/GRAND JURY FOREPERSON</u>

MATTHEW SCHNEIDER
United States Attorney


<u>s/WAYNE F. PRATT</u>
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9583
Email: <u>wayne.pratt@usdoj.gov</u>


<u>s/BRANDY R. McMILLION</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9622
Email: <u>brandy.mcmillion@usdoj.gov</u>


<u>s/A. BRANT COOK</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9756
Email: <u>brant.cook@usdoj.gov</u>


Dated: August 15, 2019

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>18-CR-20351 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

FILED USDC - CLRK DET
2019 AUG 15 PM 3:00

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: AM |

**Case Title:** USA v. ENITAN SODIYA-OGUNDIPE, et al.

**County where offense occurred :** WAYNE

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

____ Indictment/ ____ Information --- **no** prior complaint.
____ Indictment/ ____ Information --- based upon prior complaint [Case number:                    ]
✓ Indictment/ ____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** 18-CR-20351          **Judge:** NANCY G. EDMUNDS

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| D-3 ABIODUNE FABODE, R.Ph. | Count 4: 21 U.S.C. § 841 (a)(1) - Unlawful Distribution of Controlled Substances | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

August 15, 2019
Date

*(signature)* for
BRANDY R. MCMILLION
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9622
Fax:   (313) 226-2621
E-Mail address: brandy.mcmillion@usdoj.gov
Attorney Bar #: P69838

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.