UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                    Criminal Case No. 18-cr-20351

v.

Hon. Nancy G. Edmunds

ABIODUN FABODE,

Defendant.

---

## GOVERNMENT'S MOTION TO HAVE THE COURT WAIVE THE ATTORNEY/CLIENT PRIVILEGE AND MOTION FOR EXTENSION OF TIME

---

Now comes the United States, by and through Dawn N. Ison, United States Attorney, and A. Brant Cook, Assistant United States Attorney, who moves this Honorable Court as follows:

1.      On February 7, 2023, defendant, pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. (ECF No. 296, PageID.3305). In his motion, defendant asserts four grounds to vacate his conviction, couching all of them in

terms of ineffective assistance of counsel. The Court has ordered a response by March 15, 2023. (ECF No. 298, PageID.3320).

2.     To determine whether defendant's allegations are meritorious, the government needs to interview defense counsel regarding his communications with his client relative to the issues raised in the defendant's § 2255 motion. At the present time, the government cannot interview defense counsel because the relevant communications are protected by the attorney/client privilege.

3.     The attorney/client privilege "may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance . . . .  The privilege is held to be waived when a . . . criminal [defendant appeals] on grounds of inadequate legal representation." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); see also, *Mason v. Mitchell*, 293 F.Supp.2d 819, 823 (N.D. Ohio 2003) citing *Hunt v. Blackburn*, 128 U.S. 464 (1888) ("a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation."). The privilege is waived when a defendant's pleading "places at issue the subject matter of a privileged communication in such a way that the party holding the privilege will be forced to draw upon the privileged material at trial in order to prevail." *Lott* at 453.

2

4.      Based on his allegations, defendant has implicitly waived the attorney/client privilege with respect to the communications between himself and his attorney related to the subject matter set forth in the §2255 petition.

5.      Consequently, the court is permitted to narrowly waive the attorney/client privilege so that the government can conduct an interview of defense counsel and obtain any necessary information. At present, the waiver of the attorney/client privilege should be limited to the issues relating to ineffective assistance of counsel raised in the defendant's motion.

6.      This limited waiver will permit the government to fully assess whether or not defendant's claims of error are valid and to appropriately respond to defendant's allegations.

7.      Since the information pertinent to the government's response is not within its possession at this time, the government is in need of additional time to properly respond to defendant's petition. The government will need additional time to interview counsel for defendant and prepare an appropriate response, in the likely event that the court grants the government's motion to waive the attorney-client privilege. And, as noted above, the defendant has raised numerous grounds in support of his motion, all of which involve alleged ineffective assistance.

8.      As such, the government also requests that this court extend the time in which the government must file a response to June 14, 2023 (an additional 90

days). The government notes that defendant notes in his form pleading that "a Memorandum of Law in Support will be forthcoming." In the interest of evaluating how much time the government would need to investigate and address the defendant's claims, the government has waited for this additional memorandum prior to bringing this motion for an extension of time, and to allow for additional clarity for the Court about what precise topics with defense counsel should be waived. The defendant has not yet filed that additional memorandum, more than a month later.

THEREFORE, the government moves this court to waive the attorney/client privilege in this matter for the limited purpose of allowing the government to interview defense counsel to permit the government to fully assess the defendant's claims of error are valid, and obtain any necessary additional information. The government also moves for an extension of time in which to file a response.

Respectfully submitted,

Dawn N. Ison
United States Attorney

/s/ A. Brant Cook
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9756
Fax: (313) 226-5464

4

_____
Email: brant.cook@usdoj.gov

Dated: March 9, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                Criminal Case No. 18-cr-20351

  v.

                              Hon. Nancy G. Edmunds

ABIODUN FABODE,

      Defendant.

---

GOVERNNMENT'S BRIEF IN SUPPORT MOTION TO HAVE THE COURT
WAIVE THE ATTORNEY/CLIENT PRIVILEGE
AND MOTION FOR EXTENSION OF TIME

---

The attorney/client privilege may be "waived expressly or by implication in several ways." *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). The attorney/client privilege "may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance . . . . The privilege is held to be waived when a . . . criminal [defendant appeals] on grounds of inadequate legal representation." *Id.* at 452-53. The privilege is waived when a defendant's pleading "places at issue the subject matter of a privileged communication in such a way that the party holding the privilege will be forced to draw upon the privileged material at trial in order to prevail." *Id.* at 453.

In this case, defendant has implicitly waived the privilege as to attorney-client communications as to the various grounds raised in his § 2255 motion because of his claims of ineffective assistance of counsel on those grounds.

THEREFORE, the government moves the court to waive the attorney/client privilege in this matter for the limited purpose of allowing the government to interview defense counsel to permit the government to fully assess whether or not defendant's claims of error are valid and to obtain any necessary additional information. The government also moves for an extension of time to file a response.

Respectfully submitted,

Dawn N. Ison
United States Attorney

/s/ A. Brant Cook
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9756
Fax: (313) 226-5464
Email: brant.cook@usdoj.gov

Dated: March 9, 2023

Certificate of Service

I certify that on March 9, 2023, I electronically filed this motion for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system and I hereby certify that I instructed an employee of the United States Attorney's Office to mail by United States Postal Service the document to the following non-ECF participants:

Abiodun Fabode, Pro Se Defendant
No. 56756-039
FCI Morgantown
Federal Correctional Institute
P.O. Box 1000
Morgantown, West Virginia 26507

/s/ A. Brant Cook
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9756
Fax: (313) 226-5464
Email: brant.cook@usdoj.gov